The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1 May the State of Oklahoma, acting through ODOT Oklahoma Department of Transportation administer van-pooling programs, as described above, keeping in mind that there are no state funds involved, consistently with Article X, Section 15, Okl. Const.? "2 Is there adequate enabling legislation to authorize ODOT to administer a van-pooling program?" Emphasis original Title 23 U.S.C.A. 146
provides: "(a) In order to conserve fuel, decrease traffic congestion during rush hours, improve air quality, and enhance the use of existing highways and parking facilities, the Secretary may approve for Federal financial assistance from funds apportioned under sections 104(b)(1), 104(b)(2), and 104(b)(6) of this title23 U.S.C.A. 104(b)(1), (2), and (6), projects designed to encourage the use of carpools and vanpools. (As used hereafter in this section, the term 'carpool' includes a vanpool.) Such a project may include, but is not limited to, such measures as providing carpooling opportunities to the elderly and handicapped, systems for locating potential riders and informing them of convenient carpool opportunities, acquiring vehicles appropriate for carpool use, designated existing highway lanes as preferential carpool highway lanes, providing related traffic control devices, and designating existing facilities for use as preferential parking for carpools. "(b) A project authorized by this section shall be subject to and carried out in accordance with all provisions of this title 23 U.S.C.A. 1 et seq., except those provisions which the Secretary determines are inconsistent with this section." Emphasis added Your request includes the following description of the administrative procedures pursuant to which the vanpooling project is implemented: "Under this section 23 U.S.C.A. 146, Federal-aid Urban System Funds, which pass through the State Treasury under the administration of ODOT, may be used to finance part of the cost of vanpool projects. . . . "The Federal funds in question are apportioned to the State of Oklahoma under23 U.S.C.A. 104. ODOT then apportions these funds among qualified Oklahoma cities, according to a set formula. The funds may be used for several purposes, but most cities use them to improve their local city street system. However, they can be used for 'vanpooling' projects under the above statutes. "A vanpooling project would be administered by ODOT in the following fashion. An agreement would be entered into in writing with the municipality in question. The agreement would designate a certain dollar amount of the municipality's Federal Urban System Fund apportionment to be dedicated to a vanpooling program. The municipality would then contract with private parties to implement the program. One or more vans would be purchased for each recipient, the only condition being that the vans be utilized for the purpose of providing daily transportation for persons commuting to and from work." Emphasis added The authority of the ODOT to apportion funds among qualified cities for vanpooling projects derives from 69 O.S. 4001 [69-4001] et seq. (1979). 69 O.S. 4009 [69-4009] transfers all of the powers and duties of the former Department of Highways to the ODOT, and continues: ". . . Except as specifically directed by the Legislature the State Department of Transportation shall not fund, directly or indirectly, any railroad, mass transit, public transportation, marine, waterways or aeronautics construction, operations or maintenance with dedicated gasoline taxes, appropriated highway construction or maintenance funds or other highway funds; provided, however, that nothing herein contained shall be construed to prevent the Department for applying for, receiving, administering or expending moneys appropriated for the specific purpose of matching federal grants now or hereafter made available for transportation planning or improvements in nonhighway transportation modes. . . ." Emphasis added The proviso authorizes the ODOT to administer legislatively appropriated monies for the specific purpose of matching federal grants made available for transportation planning or improvements in nonhighway transportation modes. Your first question does not involve monies appropriated by the Legislature for that specific purpose and, accordingly, is not embraced by the proviso. The prohibition against directly or indirectly funding any mass transit or public transportation reflects the provisions of the Oklahoma Constitution, Article X, Section 15, Article X, Section 17. Article X, Section 15, provides: "The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donations by gift, subscription to stock, by tax, or otherwise to any company, association, or corporation." Article X, Section 17 provides: "The Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association, or corporation, or to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association, or individual." Emphasis added Article X, Section 15 prohibits the credit of the State from being pledged or loaned "to any individual, company, corporation, or association, municipality, or political subdivision of the State." It also prohibits the State from making donation by gift "or otherwise" to any company, association or corporation. Under Article X, Section 17, the Legislature shall not authorize any county or municipality "to obtain or appropriate money" for the benefit of any individual. The prohibition includes the loaning of the municipality's credit to any corporation, association or individual. Title 69 O.S. 4009 [69-4009] (1977), prohibiting the ODOT from directly or indirectly funding any form of mass transit or other public transportation, embodies a legislative intent that the constitutional constraints reflected in Article X, Section 15, Article X, Section 17, not be violated by the generalized powers conferred upon ODOT. It is, therefore, the official opinion of the Attorney General that the State Department of Transportation is prohibited from apportioning any funds for the administration of vanpooling projects. This opinion submitted in response to your first question is dispositive of the second question submitted in your request. (JOHN PAUL JOHNSON) (ksg)